IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WASHINGTON COUNTY HEALTH CARE AUTHORITY, INC. d/b/a WASHINGTON COUNTY HOSPITAL & NURSING HOME, CÉSAR CASTILLO, INC., WARREN GENERAL HOSPITAL, and ERIE COUNTY MEDICAL CENTER CORPORATION, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER INTERNATIONAL INC.; BAXTER HEALTHCARE CORPORATION; HOSPIRA, INC. and HOSPIRA WORLDWIDE, INC.,<br><br>Defendants. | Hon. John J. Tharp, Jr.<br>Judge Presiding<br><br>No. 1:16-cv-10324 |

**BAXTER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED ANTITRUST CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants Baxter International Inc. and Baxter Healthcare Corporation (collectively, "Baxter"), by and through their undersigned attorneys, move to dismiss Plaintiffs' Consolidated Antitrust Class Action Complaint dated January 6, 2017 ( "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Baxter submits the accompanying Memorandum in Support of its Motion to Dismiss the Consolidated Antitrust Class Action Complaint (the "Memorandum"). In support of this Motion, Baxter states as follows:

1. Plaintiffs filed their Complaint in the above action on January 6, 2017, on behalf of themselves and a putative class of "[a]ll persons and entities in the United States who directly purchased IV Saline Solution sold by any of the Defendants" except purchasers who are affiliated with Defendants or "governmental entities." Complaint ¶ 134. Plaintiffs purport to allege a

violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

2. For the reasons set forth in the accompanying Memorandum, Plaintiffs' Complaint should be dismissed because it does not adequately plead any of the elements required to state a claim for a Section 1 violation. As the Memorandum, Complaint, and the Complaint's own sources make clear, Plaintiffs do not plead any evidence of an agreement among the Defendants, nor do they plead facts sufficient to support a plausible inference of a conspiracy to restrict output or raise prices in the intravenous saline solution ("IV Saline") industry as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

3. First, Plaintiffs do not allege any direct evidence of an illegal agreement regarding the price or output of IV Saline. Nor do Plaintiffs allege with specificity any direct communication that would give rise to a plausible inference of conspiracy.

4. Second, Plaintiffs fail to allege facts sufficient to support an antitrust claim based on circumstantial evidence. Plaintiffs do not allege parallel conduct or "plus factors" that give rise to a plausible inference of conspiracy. Instead, the alleged output and pricing conduct they assert is consistent with unilateral responses to common market conditions and Food and Drug Administration regulations. Thus, Plaintiffs' Complaint stops short of the line between possibility and plausibility of entitlement to relief that is required to survive a motion to dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. Third, Plaintiffs do not allege facts or causal connections sufficient to plead antitrust injury.

6. Fourth, Plaintiffs' allegations depend upon Food and Drug Administration communications immune from liability under the *Noerr-Pennington* doctrine.

7. For the reasons stated above and detailed in the Memorandum, Plaintiffs' claim

fails as a matter of law. Because Plaintiffs have failed to state any claim upon which relief may be granted, and because the Complaint's own sources illustrate why further opportunities to plead their deficient claims would be futile, their Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Baxter hereby respectfully requests that the Court dismiss Plaintiffs' Consolidated Antitrust Class Action Complaint with prejudice.

Respectfully submitted,

Dated: February 21, 2017         By:      */s/ Elizabeth P. Papez*

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000
EPapez@winston.com

James F. Herbison
Brook R. Long
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600
JHerbison@winston.com
BLong@winston.com

*Counsel for Defendants Baxter International Inc. and Baxter Healthcare Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 21, 2017, the foregoing MOTION TO DISMISS THE CONSOLIDATED ANTITRUST CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM was filed electronically with the Clerk of Court using the CM/ECF system. Copies of the document will be served on all counsel of record automatically by operation of the Court's CM/ECF filing system.

Dated: February 21, 2017                              */s/ Elizabeth P. Papez*