**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WASHINGTON COUNTY HEALTHCARE AUTHORITY, INC. d/b/a WASHINGTON COUNTY HOSPITAL & NURSING HOME; CÉSAR CASTILLO, INC.; WARREN GENERAL HOSPITAL; and ERIE COUNTY MEDICAL CENTER CORPORATION, on behalf of themselves and all others similarly situated, | Civil Action No. 16-cv-10324 |
| Plaintiffs, | Hon. John J. Tharp |
| vs. | |
| BAXTER INTERNATIONAL INC.; BAXTER HEALTHCARE CORPORATION; HOSPIRA, INC.; and HOSPIRA WOLDWIDE, INC., | |
| Defendants. | |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE CONCERNING OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED ANTITRUST CLASS ACTION COMPLAINT**

Plaintiffs Washington County Healthcare Authority, Inc. d/b/a Washington County Hospital & Nursing Home; César Castillo, Inc.; Warren General Hospital; and Erie County Medical Center Corporation (collectively "Plaintiffs"), respectfully submit this request for judicial notice of the following facts, all of which transpired after the filing of Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss the Consolidated Antitrust Class Action Complaint ("Plaintiffs' Memorandum") (ECF No. 83).

1.      On April 14, 2017, Defendant Baxter International, Inc. ("Baxter") disclosed in a submission to the Securities and Exchange Commission that one of its employees had received a grand jury subpoena pursuant to a criminal investigation by the U.S. Department of Justice

("DOJ"), Antitrust Division. The subpoena calls for production of documents and testimony

regarding the subject matter of this Action, *i.e.*, the manufacture, sale, pricing and shortages of

intravenous solutions and containers.

2.      The full text of the disclosure is as follows:

> On April 12, 2017, one of the Company's employees received a grand jury
> subpoena issued by the United States District Court for the Eastern District of
> Pennsylvania, prepared by the U.S. Department of Justice, Antitrust Division,
> pursuant to a criminal investigation. The subpoena calls for production of
> documents and testimony regarding the manufacturing, selling, pricing and
> shortages of intravenous solutions and containers (including saline solutions and
> certain other injectable medicines sold by the Company) and communications
> with competitors regarding the same. The Company is cooperating with the U.S.
> Department of Justice on this investigation. As previously disclosed, the New
> York Attorney General's office has previously requested that the Company
> provide information regarding business practices in the IV saline industry.

*See* Ex. A. (Baxter Form 8-K, Item 8.01).[1]

3.      On April 18, 2017, ICU Medical, Inc. ("ICU"), which recently acquired

Defendants Hospira, Inc. and Hospira Worldwide, Inc. (collectively "Hospira"), disclosed that

Hospira received similar subpoenas from both the DOJ and the New York Attorney General's

office. The full text of that disclosure is as follows:

> In connection with the Hospira Infusion Systems business that ICU
> Medical, Inc. (the "Company") acquired in February 2017 from Pfizer, Inc., on
> April 18, 2017, the Company received a grand jury subpoena issued by the United
> States District Court for the Eastern District of Pennsylvania, in connection with
> an investigation by the U.S. Department of Justice, Antitrust Division. The
> subpoena calls for production of documents regarding the manufacturing, selling,
> pricing and shortages of intravenous ("IV") solutions, including saline, sold by the
> Company and communications with competitors regarding the same. In addition,
> the New York Attorney General has previously requested that the Company
> provide information regarding business practices in the IV solutions industry.

---

[1] Baxter disclosed the investigation by the New York Attorney General's office in its Form 10-K dated
February 23, 2017. Plaintiffs were not aware of that disclosure before the filing of April 14, 2017 Form 8-
K. The prior disclosure provides in its entirety as follows: "The New York Attorney General has
requested that Baxter provide information regarding business practices in the IV saline industry. The
company is cooperating with the New York Attorney General." Ex. B (Baxter Form 10-K at 83).

Both of these investigations relate primarily to time periods prior to the Company's ownership of the IV solutions business. The Company will fully cooperate with the U.S. Department of Justice and the New York Attorney General on these investigations.

Ex. C (ICU Form 8-K, Item 8.01).

4.      The Court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

5.      A court may generally "take judicial notice of public records not attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6)." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015), *cited in Johnson v. Melton Truck Lines, Inc.*, 2016 WL 8711494, at *1 n.4 (N.D. Ill. Sept. 30, 2016) (Tharp, J.).

6.      Courts in the Seventh Circuit and elsewhere have repeatedly recognized that the pendency of government investigations into defendants' relevant conduct tends to bolster the plausibility of plaintiffs' allegations. *See, e.g., In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 764 F.Supp.2d 991, 997 n.4 (N.D. Ill. 2011) (denying Baxter's and others' motions to dismiss where FTC press release referenced "troubling signs of coordinated behavior" in relevant market). *See also Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 324 (2d Cir. 2010) (pending investigations by DOJ and New York Attorney General made plaintiffs' allegations more plausible); *In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1009 (E.D. Mich. 2010) (pending government investigations "bolster the plausibility analysis and heighten the Court's expectation that 'discovery will reveal evidence of illegal agreement.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). *See also In re Akorn, Inc.*, 2017 WL 878559, at

3

*13 (N.D. Ill. Mar. 6, 2017) (pendency of related DOJ and SEC investigations supported adequacy of complaint).

      7.     For all of these reasons, as well as the additional reasons referenced in Plaintiffs' Memorandum, Plaintiffs request that the Court take judicial notice of the facts set forth above and deny Hospira's Motion to Dismiss the Consolidated Antitrust Class Action Complaint,[2] and Baxter's Motion to Dismiss Plaintiffs' Consolidated Antitrust Class Action Complaint for Failure to State a Claim.[3]

Dated: April 19, 2017

Respectfully Submitted,

By: */s/ Robert J. Wozniak*      
Robert J. Wozniak
Steven A. Kanner
William H. London
Douglas A. Millen
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
rwozniak@fklmlaw.com
skanner@fklmlaw.com
wlondon@fklmlaw.com
dmillen@fklmlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

---

[2] ECF Nos. 57-58.

[3] ECF Nos. 59-61.

4

Hollis Salzman
Eamon O'Kelly
Meegan Hollywood
ROBINS KAPLAN LLP
399 Park Avenue
Suite 3600
New York, NY 10022
(212) 980-7400
hsalzman@robinskaplan.com
eokelly@robinskaplan.com
mhollywood@robinskaplan.com

W. Joseph Bruckner
Heidi M. Silton
Brian D. Clark
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
wjbruckner@locklaw.com
hmsilton@locklaw.com
bdclark@locklaw.com

Linda P. Nussbaum
Bart D. Cohen
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9189
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

*Interim Co-Lead Counsel for Plaintiffs and the
Proposed Class*