**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| |
|---|
| WASHINGTON COUNTY HEALTH CARE AUTHORITY, INC., et al., |
| Plaintiffs |
| V. |
| BAXTER INTERNATIONAL INC., et al., |
| Defendants |

No. 1:16-cv-10324

## <u>CONFIDENTIALITY ORDER</u>

Upon review of the parties' submissions regarding both agreed and contested terms for a Confidentiality Order to govern disclosures of information in this case, it is hereby ORDERED:

1.    **Scope.**    All documents, electronically stored information, items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below. This Order shall apply to any named party to this action (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)).  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personnel, product or financial content belonging to the producing party or non-party, and which is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation.  Confidential Information may fall within one or more of the following categories:  (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means any document, or any portion thereof, which a producing party or non-party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business, competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party; and (iv) it is designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation.  By way of example only, Highly Confidential Information may include but is not limited to:  (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (c)

research and development information; (d) manufacturing know-how or technology; (e) board

of directors materials and presentations; (f) customer lists or information; (g) negotiation

strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing

information; or (j) intellectual property.  If required by applicable privacy laws, Highly

Confidential Information may also include personnel files that are designated as such for

purposes of this litigation.

4.    **Designation.**

(a)    A party may designate a document as Confidential or Highly Confidential

Information for protection under this Order by placing or affixing the words "CONFIDENTIAL

- SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere

with the legibility of the document.  To the extent a document is produced in a form in which

placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

"HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not

practicable, the producing party may designate the document as confidential by cover letter, slip

sheet, or by affixing a label to the production media containing the document.  As used in this

Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that

contain the Confidential or Highly Confidential Information.  The marking "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or

disclosed.  Applying such marking to a document does not mean that the document has any

status or protection by statute or otherwise except to the extent and for the purposes of this

Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential or Highly Confidential Information is a certification by an attorney of the attorney's good faith belief that the document contains Confidential or Highly Confidential Information as defined in this order.

5.     **Depositions**.  A party may designate any portion (or the entirety) of a deposition transcript as Confidential or Highly Confidential by either indicating such designation on the record at the time of the deposition, or informing the reporter and opposing Party of the designations to be applied, in writing, within thirty (30) calendar days after the deposition transcript is delivered.  Unless all parties agree otherwise on the record at the time the deposition testimony is taken all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after the transcript is delivered to the party being deposed.  In the event that some portion but not all of the deposition is designated as Confidential or Highly Confidential, the court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left hand corner of each designated page.

6.     **Protection of Confidential or Highly Confidential Material.**

(a)     **General Protections.**  Except as set forth below in this paragraph, Confidential or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose

4

whatsoever other than a party's prosecution or defense of claims in, or the settlement of, this litigation, including any appeal thereof. In this putative class action, Confidential or Highly Confidential Information may not be disclosed to any members of the putative class beyond named plaintiffs unless and until a class including the putative member has been certified, and in any event, may only be disclosed as otherwise consistent with disclosure to parties under this Order. Nothing in this Order shall prevent or prejudice any party designating materials Confidential or Highly Confidential Information from using its own such designated documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

    (b)  **Limitations on Disclosure.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential Information to any person or entity except as set forth below in subparagraphs (1)-(10) and (1)-(9), respectively. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)  Outside Counsel for the parties and employees of such counsel who have responsibility for the preparation and trial of the action;

    (2)  Designated In-House Counsel of the receiving party (as that term is defined below in Paragraph 6(d)) (1) who has no involvement in competitive decision-making or business negotiations with the producing party that are unrelated to litigation; (2) to whom disclosure is reasonably necessary for this litigation; and (3) who has completed the certification

contained in Attachment B, In-House Counsel Acknowledgment of Understanding and Agreement to Be Bound to this Order;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing, reviewing, or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order;

(7)     Witnesses.  During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is directly relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness has knowledge, and such person has completed the certification contained in Attachment A to this Order.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may

receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Information pursuant to Paragraph 5 may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(9)     Identified Persons. Any individual person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is directly relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has completed the certification contained in Attachment A to this Order; and

(10)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

The following categories of persons may be allowed to review Highly Confidential Information:

(1)     Outside Counsel for the parties and employees of such counsel who have responsibility for the action;

(2)     Designated In-House Counsel of the receiving party (as that term is defined below in Paragraph 6(d)) (1) who has no involvement in competitive decision-making or business negotiations with the producing party that are unrelated to litigation; (2) to whom disclosure is reasonably necessary for this litigation; (3) who has completed the certification contained in Attachment B, In-House Counsel Acknowledgment of Understanding and Agreement to Be Bound to this Order; and (4) as to whom notice has been given to the producing party pursuant to Paragraph 6(d) below (with any objections having been resolved by agreement or by the Court);

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing, reviewing, or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and

trial of this action but only after such persons have completed the certification contained in Attachment A to this Order;

(7)     Witnesses.   During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is directly relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness has knowledge and such person has completed the certification contained in Attachment A to this Order.  Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so.  At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness.  Until the designating party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness.   Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient.  The author or recipient of the document (not including a person who received the document solely in the course of litigation); and

(9)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

To the extent any person is be required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.,* PDF) shall be treated as original signatures purposes of this Order.

(c)     **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(d)     **Procedures Applicable to Designated In-House Counsel**.  The term "Designated In-House Counsel" shall mean any attorney in the legal department with litigation oversight responsibilities with regard to this matter, and the paralegals, assistants and clerical employees working under the direct supervision of such attorney on this matter.  A receiving party that intends to disclose to Designated In-House Counsel any information or item that has been designated Highly Confidential first must give written notice to the producing party with the full name and title of the Designated In-House Counsel in question who has completed the certification contained in Attachment B, In-House Counsel Acknowledgment of Understanding

and Agreement to Be Bound to this Order. This written request is a one-time disclosure and need not be made on a document-by-document basis. The producing party may object to any such notice within three business days, in which case the parties shall attempt to promptly resolve the objection in good faith through a meet and confer. If no resolution is reached, receiving party wishing to make the disclosure to Designated In-House Counsel may file a motion seeking permission from the Court to do so.

7. **Absent Class Members.** Confidential or Highly Confidential Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this Litigation, except under the circumstances described in Paragraph 6(b) of this Order. If, however, Confidential or Highly Confidential Information is contained in a filing with the Court pursuant to Paragraph 9 of this Order, such filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member have completed the certification contained in Attachment A to this Order.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure

to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

9.     **Inadvertent Production**

(a)     **Non-waiver:** Pursuant to Federal Rule of Evidence 502(d), the production of any material or information in this case shall not be deemed to waive any privilege or work product protection in this case or in any other federal or state proceeding.  Nothing in this Paragraph VII is intended to or shall serve to limit a party's right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production, subject to the provisions below.

(b)     **Assertion of a Clawback:** Any party or non-party may request the return of any produced material or information on the grounds of privilege or work-product protection by identifying it, stating the basis for withholding such material or information from production, and providing any other information that would be listed on a supplemental privilege log.

(c)     **Clawback Process:**  Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the grounds of privilege or work-product protection.  If a party or non-party requests the return of such produced material or information then in the custody of one or more parties, the possessing parties shall within seven (14) days:

(1) Destroy or return to the requesting party or non-party the produced material or information and all copies thereof, and expunge from any other document or material, information derived solely from the produced material or information; or

12

(2) Notify the producing party or non-party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The parties shall meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the parties are still not in agreement, they may bring the issue to the Court. Any filings relating to such dispute shall be under seal.

(d)     Material as to which a party has asserted a "clawback" claim may not be used in connection with other discovery (*e.g.*, depositions) while the clawback claim is pending. To the extent that such claim is denied, the successful party may seek leave of court to re-open discovery relating to that material to the extent that such discovery was impeded by the unsuccessful clawback claim.

10.     **Filing of Confidential or Highly Confidential Information.** Except as set forth in Paragraph 9(c)(2) above, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

11.     **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12.     **Challenges by a Party to Designation as Confidential or Highly Confidential Information.** The designation of any document as Confidential or Highly

Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

(b) **Judicial Intervention.** If the meet and confer process does not resolve the challenge, the party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge. Each such motion may not exceed five (5) pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above. The burden of persuasion in any such challenge proceeding shall be on the designating party, who shall have the right to respond to any motion filed by a challenging party. Until the Court rules on the challenge, all parties shall continue to treat the document as Confidential or Highly Confidential Information under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential Information.

13. **Action by the Court.** Applications to the Court for an order relating to documents designated Confidential or Highly Confidential Information shall be by motion.

Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **Use of Confidential or Highly Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the parties take necessary advance precautions to avoid the public disclosure of Confidential or Highly Confidential Information. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at trial.

15. **Third Parties.** The parties in conducting discovery from third parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

16. **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this action as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order, or after first determining it would compel such disclosure. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential or Highly Confidential Information by the other party to this case.

17.     **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18.     **Unauthorized Disclosure or Use.**  If a party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two (2) business days of learning of such disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto, (b) make every

reasonable effort to prevent disclosure by each unauthorized person who receiving such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Exhibit A to this Order.

19. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 4(a), shall be returned to the producing party or destroyed (with certification to the producing party that destruction is complete) unless the document has been offered into evidence or filed without restriction as to disclosure.

(c) **Retention of Work Product and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information, (2) one complete set of all documents filed with the Court including those filed under seal, and (3) one complete set of trial,

hearing, and deposition transcripts in the case, including any exhibits. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

20. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

21. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

22. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Date: July 5, 2017

_____
John J. Tharp, Jr.
United States District Judge

18

WE SO agree to be bound and agree to abide by the terms of this Order:


/s/ *Robert J. Wozniak*
Steven A. Kanner
William H. London
Douglas A. Millen
Robert J. Wozniak
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
skanner@fklmlaw.com
wlondon@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com


*Interim Liaison Counsel for Plaintiffs and the
Putative Class*

Hollis Salzman
Eamon O'Kelly
Meegan Hollywood
**ROBINS KAPLAN LLP**
601 Lexington Avenue
Suite 3400
New York, NY 10022
(212) 980-7400
hsalzman@robinskaplan.com
eokelly@robinskaplan.com
mhollywood@robinskaplan.com

Thomas J. Undlin
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
tundlin@robinskaplan.com

W. Joseph Bruckner
Heidi M. Silton
Brian D. Clark
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
bdclark@locklaw.com

Linda P. Nussbaum
Bart D. Cohen
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9189
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

*Interim Co-Lead Class Counsel for Plaintiffs and the*
*Putative Class*

Paul E. Slater
Thomas D. Brooks
**SPERLING & SLATER**
55 West Monroe Street
Suite 3200
Chicago, IL 60603
(312) 641-3200
pes@sperling-law.com
tdbrooks@sperling-law.com

Roberta D. Liebenberg
Jeffrey S. Istvan
Donald L. Perelman
Matthew Duncan
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com

dperelman@finekaplan.com
mduncan@finekaplan.com

Arthur N. Bailey
Marco Cercone
R. Anthony Rupp, III
**RUPP BAASE PFALZGRAF &**
**CUNNINGHAM LLC**
1600 Liberty Building
424 Main St.
Buffalo, NY 14202
(716) 854-3400
bailey@ruppbaase.com
cercone@ruppbaase.com
rupp@ruppbaase.com

*Additional Plaintiffs' Counsel*

Elizabeth P. Papez
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC   20006-3817
Telephone: (202) 282-5678
EPapez@winston.com

*Counsel for Defendants Baxter International*
*Inc., and Baxter Healthcare Corporation*

Brendan G. Woodard
White & Case LLP
1155 Avenue of the Americas
New York, NY   10036-2787
Telephone: (212) 819-8548
BWoodard@whitecase.com

*Counsel for Defendants Hospira, Inc. and*
*Hospira Worldwide, Inc.*

<u>**ATTACHMENT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WASHINGTON COUNTY HEALTH CARE AUTHORITY, INC., et al., <br><br>                     Plaintiffs <br><br>         V. <br><br> BAXTER INTERNATIONAL INC., et al., <br><br>                     Defendants | No. 1:16-cv-10324 |

<u>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**</u>

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____
                            Signature

**ATTACHMENT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WASHINGTON COUNTY HEALTH CARE AUTHORITY, INC., et al.,<br><br>Plaintiffs<br><br>V.<br><br>BAXTER INTERNATIONAL INC., et al.,<br>Defendants | No. 1:16-cv-10324 |

**IN HOUSE COUNSEL ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm or concern.

The undersigned represents that the undersigned works in the legal department of a party to this matter, and that the undersigned (or the undersigned's direct supervisor) has litigation oversight responsibilities with regard to this matter. The undersigned represents that the undersigned has no involvement in competitive decision-making or business negotiations with the producing parties (known to the undersigned) that are unrelated to litigation.

3

The undersigned acknowledges that violation of the Agreed Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____
                                Signature